UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                              Case No.: 3:25-cr-69-JEP-LLL

JAMES MALCOLM DAVIS.

_____/

## ORDER

**THIS CAUSE** is before this Court on the Report and Recommendation ("**R&R**," Doc. 41), entered by the assigned Magistrate Judge on January 6, 2026; Defendant's "Objections to the Magistrate Judge's Report and Recommendation [Doc. 41]" (Doc. 47); and the United States' ("**Government's**") "Response to Report and Recommendation" (Doc. 49). For the following reasons, this Court will overrule Defendant's objections and adopt the R&R.

## I.

The facts of this case and the search warrant at issue are fully covered in the Magistrate Judge's R&R; thus, this Court will only briefly address them. On March 13, 2025, a grand jury indicted Defendant James Malcolm Davis on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(8). (Doc. 1).

On October 31, 2024, Deputy Sheriff ("**DS**") Houldson of the Clay County Sheriff's Office ("**CCSO**") submitted an affidavit requesting a search warrant for Defendant's residence. (Doc. 24 at 2; Doc. 31-1). The affidavit asserted that probable cause existed for the search based on investigations by CCSO beginning in July 2024. (Doc. 31-1 at 1). Specifically, the affidavit asserted that "in the month of July 2024," CCSO received information from two confidential informants about illegal narcotic sales from Defendant at his residence. (*Id.*). The affidavit went on to detail three controlled buys between the confidential informants and Defendant occurring on "July 1, 2024," "September 10, 2024," and "[w]ithin the last 10 days," and a conversation that occurred "[w]ithin the past 2 days." (*Id.* at 2). Based on this affidavit, the warrant was signed on October 31, 2024. (*Id.* at 3).

Prior to executing the search warrant, CCSO conducted a traffic stop on Defendant and arrested him "on multiple narcotics charges." (Doc. 31 at 2). During the inventory search of his car after this arrest, CCSO allegedly found illegal narcotics that form the basis of Count One of the indictment. (*Id.* at 2–3).

According to the parties' briefing, CCSO searched Defendant's residence later that day on October 31, 2024. (Doc. 24 at 3; Doc. 31 at 3). However, in returning the search warrant, DS Houldson reported that CCSO executed the

search warrant on November 4, 2024. (Doc. 38-1 at 1). The search of Defendant's residence allegedly resulted in the seizure of firearms that form the basis for Count Two of the indictment. (Doc. 31 at 3). The warrant was returned on November 14, 2024. (Doc. 38-1 at 1).

Defendant filed a "Motion to Suppress Physical Evidence as Fruits of the Poisonous Tree (Franks v. Delaware Issue)" (Doc. 24) on September 11, 2025. Therein, Defendant contested the probable cause to issue the search warrant for his residence and sought to suppress all evidence found pursuant to the search. (*Id.* at 5). Specifically, he challenged the veracity of the supporting affidavit and requested an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978). (*Id.*). In response, the Government acknowledged that after Defendant filed his motion, the Government "determined that an additional report and two videos from the [Clay County Sheriff's Office] existed," and it promptly disclosed this additional discovery to defense counsel.[1] (Doc. 31 at 4). Based on this new evidence, the Magistrate Judge held a hearing on the pending motion and ordered the parties to submit supplemental briefing. (Doc. 33 at 1). After receiving this additional briefing, the Magistrate Judge issued a R&R, in which she recommended denying the

---

[1] The new disclosures included a "report dated October 29, 2024, detail[ing] the circumstances of the third controlled buy at the defendant's residence," and "two videos that captured the controlled buy" on the same date. (Doc. 31 at 3).

motion. (Doc. 41 at 16).

## II.

Pursuant to the Federal Rules of Civil Procedure, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Because "[t]he *de novo* review requirement is essential to the constitutionality of [§] 636," this Court must independently consider "factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). The District Judge also "retain[s] the power to hear additional testimony or the same testimony all over again" if doing so "would be beneficial in determining the motion." *United States v. Whitmire*, 595 F.2d 1303, 1305 (5th Cir. 1979).[2]

Objections to a report and recommendation must be "clear and precise," identifying the specific findings challenged and the basis for the disagreement. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). For the portions of the

---

[2] Decisions from the former Fifth Circuit rendered on or before September 30, 1981, are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Magistrate Judge's findings to which no objection was filed, this Court reviews them only if necessary, in the interests of justice, and for plain error. *See* 11th Cir. R. 3-1; *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.

Defendant raises five objections to the R&R, which this Court will address in turn. As a preliminary matter, an affidavit in support of a search warrant enjoys "a presumption of validity" and must be overcome with "more than conclusory" attacks or "a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Thus, to warrant an evidentiary hearing, Defendant must present "allegations of deliberate falsehood or of reckless disregard for the truth" beyond mere "negligence or innocent mistake[s]," and "those allegations must be accompanied by an offer of proof." *Id.*

*First*, Defendant contests footnote six in the R&R, arguing that it "seems to penalize Mr. Davis for not having information to make specific challenges to the informants['] credibility, where the court has denied the access to such information." (Doc. 47 at 1–2). The Government responds by arguing that the R&R "in no way penalizes the defendant" and merely "states that the defendant did not challenge the reliability of either confidential informant." (Doc. 49 at 3).

Footnote six in the R&R notes that "DS Houldson attests that both [confidential informants] have previously been determined to be reliable

sources. Doc. 31-1 at 1. Defendant does not challenge the reliability of either confidential informant. *See* doc. 35." (Doc. 41 at 3 n.6). However, the Magistrate Judge included this footnote in the background section and did not rely on the failure to challenge the confidential informants' reliability in determining the merits of Defendant's motion to suppress. (*See generally id.*).

In addition, Defendant did not argue that disclosure of the confidential informants' information was necessary for his *Franks* claim in either his motion to suppress or his motion for their disclosure. (*See* Docs. 24, 25). And even if Defendant had raised this issue, the non-disclosure of confidential informants does not remove a defendant's obligation under *Franks* to support his allegations of falsehood or reckless disregard for the truth with some offer of proof. *See United States v. Vann*, 336 F. App'x 944, 949 (11th Cir. 2009) (holding that "nondisclosure [of the confidential informants' identities] did not prevent [the defendant] from submitting his own affidavit" contradicting the officer's affidavit or "identify[ing] any inconsistencies or other circumstances that might cast doubt on the officers' statements" that connected the defendant with the illegal activity).[3]

---

[3] This Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

*Second*, Defendant appears to perceive in the R&R an implied admonition for Defendant updating his "original motion" after "the post-hearing briefing." (Doc. 47 at 2). Defendant does not direct this Court to any specific admonition; he cites only generally to the portion of the R&R that summarized the case history (*Id.*).

Perhaps Defendant refers to footnote 3 in the R&R, which concludes that "[i]n his supplemental briefing, defendant raised alternative grounds for why he believes a Franks hearing is justified, thereby abandoning his original argument." (Doc. 41 at 2 n.3). While this Court notes that Defendant did not abandon his original arguments by filing supplemental briefing on a limited issue as directed by the Court, (s*ee* Doc. 33 at 1), the footnote has no bearing on the merits of the pending motion or recommendation by the Magistrate Judge. Both of Defendant's initial arguments are incorporated into his supplemental brief, and thus are addressed in the R&R. (*See* Docs. 24, 35).

*Third*, as to the inconsistency on the date of the search warrant's execution, Defendant "objects to the finding that [the] date change [in the officer's sworn statement] was a simple error," without testimony. (Doc. 47 at 2). Defendant also argues that even if the discrepancy was just a typographical error, the warrant was still returned "outside the 10 day deadline set forth in Florida law and within the warrant itself." (*Id.* at 3). The Government responds that the Magistrate Judge "did not make a credibility finding" on the date of

the warrant's execution and instead "properly relied on the pleadings of the parties," and that Defendant never argued that any "statements involving the search warrant return were false." (Doc. 49 at 4). The Government also notes that Defendant did not "cite to authority that returning a search warrant four days beyond the ten-day required return period justifie[s] a *Franks* hearing." (*Id.*).

While the officer listed November 4 as the date of the warrant execution in returning the search warrant, (Doc. 38-1 at 1), all parties claim that the search occurred on October 31, 2024, (Doc. 24 at 3; Doc. 31 at 3), and the state charges imply as much, (*see* Doc. 24-1 at 2, 4). Thus, the Magistrate Judge presumed that the November 4 date was "a scrivener's error." (Doc. 41 at 6 n.10).

While Defendant contests this "finding" that the "date change was a simple error," (Doc. 47 at 2), he does not allege that the officer falsified any information related to the search warrant application, *see Franks*, 438 U.S. at 171 (holding that "[a]llegations of negligence or innocent mistake are insufficient" to establish entitlement to an evidentiary hearing), and crediting the November 4 date would not affect the search's validity,[4] *cf. United States*

---

[4] As the warrant was signed on October 31, 2024, (Doc. 31-1 at 3), even if the search occurred on November 4, 2025, the warrant was still signed before the search occurred, (Doc. 24 at 3; Doc. 31 at 2–3), and executed within ten days of being signed, (Doc. 38-1 at 1).

*v. Leflore*, 653 F. App'x 703, 707 (11th Cir. 2016) (affirming the district court's finding, based on officer testimony, "that the time of issuance noted on the face of the warrant authorizing the search was a scrivener's error" when such a finding was required to establish that the warrant was issued before the search occurred).

As to the purported untimeliness of the warrant's return, Defendant fails to support this claim with any legal authority. In addition, it appears that under the Florida statute, a late return—as opposed to a late execution—of a warrant does not render it invalid. *See State v. Featherstone*, 246 So. 2d 597, 598 (Fla. 3d DCA 1971) ("We hold that the warrant does not become void because of an improper or late return where there is no prejudice shown, and the evidence seized thereunder does not become inadmissible."). As Defendant has failed develop this claim or show any prejudice by the four-day delay in *returning* the warrant, and because there was no delay in *executing* the warrant, this Court will overrule this objection.

*Fourth*, Defendant "objects to the R & R's conclusion that each statement would have to in themselves [sic] be false in order to warrant a *Franks* hearing," and argues that "[i]n footnote 10, the R & R seems to imply that each statement has to be false." (Doc. 47 at 3). Instead, Defendant argues that "the cumulative effect" of the alleged deficiencies in the affidavit should "cause[ ] grave doubt about the veracity of the statements in the warrant." (*Id.*). The

Government responds that "[t]he United States does not read footnote 10 to imply each statement has to be false." (Doc. 49 at 4). This Court agrees with the Government and does not read footnote ten[5] as implying that every statement in the officer's affidavit would have to be false to warrant a *Franks* hearing. (*See generally* Doc. 41). Indeed, the Defendant need not prove falsity of every statement, but "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth," beyond mere "negligence or innocent mistake[s]." *Franks*, 438 U.S. at 171.

*Fifth*, Defendant "objects to the Court's conclusion throughout the R & R that he has failed to make [the required showing under *Franks*]." (Doc. 47 at 3). Despite this general objection, Defendant does not specifically object to the remaining portions of the Magistrate Judge's findings and conclusions—those related to the alleged inconsistencies in the officer's affidavit and Defendant's claim of staleness. Upon independent review of the file and for the reasons stated in the report and recommendation, this Court agrees with the Magistrate Judge as addressed briefly below.

---

[5] The text of footnote ten is as follows:

> The 'Return' of the search warrant, doc. 38-1, indicates the warrant was 'executed and served' on November 4, 2024. The Court presumes this is a scrivener's error, as both parties refer to the search warrant being executed on October 31, 2024. *See generally* docs. 24, 31, 35, 38. Accordingly, the Court refers to the warrant's date of execution as October 31, 2024.

(Doc. 41 at 6 n.10).

The alleged inconsistencies in the officer's affidavit are neither plainly inconsistent, nor the sole basis for the search warrant.[6] (*See* Doc. 41 at 11 ("Although the timeline between receipt of information and the first controlled buy is short, that fact alone does not render the statements inconsistent[.]")); *see also Franks*, 438 U.S. at 171–72 (holding that if "material that is the subject of the alleged falsity or reckless disregard is set to one side[ and] there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required").

Defendant's claim that the affidavit's assertion that one of the controlled buys occurred "within the last 10 days," (Doc. 31-1 at 2), may be "misleading," (Doc. 35 at 4), is not persuasive. This Court agrees with the Magistrate Judge that such a timeframe is not misleading, and still less does it reach the level of falsity or disregard for the truth required under *Franks*. 438 U.S. at 171.

Lastly, the information regarding the Defendant's alleged drug transactions from July 2024 to the end of October 2024 was not stale at the time of the October 31, 2024 warrant. *See United States v. Bervaldi*, 226 F.3d 1256, 1265–66 (11th Cir. 2000) (noting that "protracted and ongoing" activity spanning eleven months was not stale). Thus, this Court will overrule

---

[6] While not relied on in the report and recommendation as an additional basis for denying the motion, the officer's affidavit also includes descriptions of three separate drug transactions involving Defendant, all of which occurred *after* the claimed inconsistencies regarding the timeline of the initial CI reports and the first controlled buy. (Doc. 31-1 at 1–2).

Defendant's objections and deny Defendant's motion to suppress.

**IV.**

Accordingly, it is **ORDERED**:

1. Defendant's Objections (Doc. 47) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 41) is **ADOPTED** and **CONFIRMED** as the opinion of this Court.

3. Defendant's "Motion to Suppress Physical Evidence as Fruits of the Poisonous Tree (Franks v. Delaware Issue)" (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida on February 18, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record